(98 App. Div. 474)

### ALBRO v. GOWLAND.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1904.)

1. VENDOR AND PURCHASER—SALES—RESCISSION—SHORTAGE IN QUANTITY.

    A shortage of 23 feet in the depth of a city lot, described as four rods front and 250 feet in depth, constituted such a substantial defect as would excuse performance on the part of the purchaser.

2. SAME—CONTRACTS—REFORMATION—MISTAKE.

    Evidence reviewed, and *held* insufficient to show a mutual mistake of the parties to a contract for the sale of real estate, so as to authorize a reformation of the description thereof to cure a shortage in quantity.

    Williams, J., dissenting.

Appeal from Special Term, Cayuga County.

Suit by Ellen Amelia Albro against Elizabeth Gowland for the reformation of a contract for the sale of real estate, and to compel specific performance thereof. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bacon & Whelan and John Van Sickle, for appellant.
Greenfield & Aiken, for respondent.

HISCOCK, J. This action was brought to procure reformation of a contract for the sale of a lot in the city of Auburn from plaintiff to defendant, and to compel performance by said defendant of the contract when so reformed. The differences between the parties have been precipitated by an alleged shortage in the depth of the lot contracted to be sold, of about 23 feet. Plaintiff, through a real estate agent, having effected a sale of her lot to the defendant, executed a written contract of sale, whereby, amongst other things, in consideration of a purchase price of $10,500, she agreed, "by a good, warranty deed with search showing clear and unincumbered title," to convey

¶ 1. See Vendor and Purchaser, vol. 48, Cent. Dig. § 325.

"all that piece or parcel of land situated on the east side of William, Street, in the City of Auburn, N. Y., known as No. 18 William Street, and being a lot about four rods front by two hundred feet in depth." When execution of said contract was attempted, a deed was offered conveying the land with a depth of 176 feet and a fraction of a foot, which defendant refused to accept; making proper and sufficient objections that the deed did not comply with the contract.

The learned trial justice, as we understand it, in general rather than specific language, directed that the contract should be reformed so as to comply with the deed, and directed judgment compelling defendant to carry out her purchase. We think that such decision involved findings of fact which were against the weight of evidence, and that the judgment should be reversed.

We do not think it is necessary, under the circumstances of this case, to spend time in discussing the proposition that a shortage of 23 feet and over upon a city lot like the one in question was a substantial defect, and would excuse performance of a contract by a proposed purchaser. If, under the language used in the contract, describing the lot as being "about four rods front by two hundred feet in depth," we should hold that the word "about" qualified the dimension of 200 feet as well as that of the 4 rods, we should still find no difficulty, upon well-established principles of law, in holding that such qualification would not excuse such a deficiency as is alleged here. The plaintiff doubtless appreciated the force of the rules applicable to a conveyance of this kind, in seeking to have her contract reformed so as to state the lesser rather than the greater depth of lot, and her success upon this appeal must be measured by her right to have such reformation made.

Plaintiff introduced what we may characterize as three lines of evidence for the purpose of sustaining her demand for relief in the respect mentioned, and the pertinency of which, as bearing upon the contract of sale, will be apparent:

In the first place, evidence was given tending to show that, before the contract was executed, defendant went upon and viewed the lot in question, from which it is argued that she knew or ought to have known the depth of the lot, and that the dimensions stated in the contract were not correct, but a mistake. When we read the description of the back of the lot, and of the trees and shrubbery thereon, and of. the various buildings surrounding it, and also the evidence of the surveyor, in which he attempts to describe the boundaries of the lot, we are not inclined to the opinion that defendant ever knew, or theoretically was to be charged with having known, the approximate depth of the lot.

Evidence was given by the real estate agent who represented plaintiff, by his assistant, and by the plaintiff and her husband, tending to show that, before the contract was executed, plaintiff was informed, in substance, that the lot was not 200 feet, but about 10 rods, in depth. Opposed to this evidence, however, is the fact that concededly the real estate agent who was active in .this transaction carried upon his regular register this lot with a description of 200 feet as its depth, and that this entry was shown or read to plaintiff before the contract was executed;

also that, when the parties came to embody their language in the solemn form of a contract, the agent who prepared it, by and with the consent of the plaintiff, inserted therein the greater depth of 200 feet. We do not lose sight of the fact that an attempted explanation is given of this, to which we shall refer later.

Opposed to this evidence, all of which is by interested witnesses, is that of the defendant and her husband and an apparently disinterested witness, in various forms contradicting the proposition that defendant knew or was informed that the lot was less than 200 feet in depth; but this testimony is to the effect, upon the contrary, that she was told repeatedly in various ways and at various times that the lot did have the depth stated in the contract.

This is the issue, briefly stated, raised by the testimony of opposing witnesses, and we pass now to a farther consideration of some of the evidence given in behalf of plaintiff by her own witnesses:

As already stated, the agent who effected the sale of the property prepared the contract for it. There were present at the time, amongst others, the plaintiff and the defendant. The agent states that, as he progressed with the preparation of the contract, each provision was fully discussed and considered; that, when it came to a description of the lot, it was stated and agreed that the lot was not 200 feet in depth, and that the description in this respect was erroneous, and that the proper description would be made when the deed was executed. At this time the plaintiff and her agent either did or did not know that the lot was not 200 feet in depth, but only about 10 rods. If they did not know that it was only about 10 rods in depth, then, of course, their evidence that they had from time to time informed defendant of this smaller depth, and thereby contradicted the entry in the agent's register showing a depth of 200 feet, of which she knew, was false. If, upon the other hand, the agent knew, as he testifies in one or more places when seeking to charge the defendant with like knowledge, that the lot was only about 10 rods in depth, then voluntarily he and the plaintiff have made a contract with full knowledge, and under no circumstances, as disclosed by the evidence upon this appeal, at least, of either mistake or fraud. We do not lose sight of the fact that the agent attempts to sustain the proposition that there was some uncertainty about what the exact depth was, and that for this reason the description in question was used in the contract. The only question, however, which appears ever to have been mooted, was whether the depth was 200 feet, or 10 rods and a fraction; and the agent insists that he clearly and distinctly informed the defendant during the negotiations, and while they were upon the lot, that the depth was only 10 rods.

In order to secure the reformation of the contract in question, it was necessary for the plaintiff to establish that there had been a mutual mistake, for it was not suggested that any fraud had been perpetrated by the defendant upon the plaintiff. In order to secure such a judgment, it was incumbent upon her to establish her right thereto by evidence which was "clear, strong, and satisfactory." A party "must show that the material stipulation which he claims should be omitted or inserted in the instrument was omitted or inserted contrary to the

intention of both parties, and under a mutual mistake." Nevius v. Dunlap, 33 N. Y. 676, 680.

In Curtis v. Albee, 167 N. Y. 360, 60 N. E. 660, it is stated:

"Equity will not make a new agreement for the parties, nor, under color of reforming one made by them, add a provision which they never agreed upon, and did not want when the contract was written, although it may afterward appear very expedient or proper that it should have been incorporated. When the writing expresses the actual agreement, it cannot be reformed, and a stipulation not assented to can never be added."

Plaintiff's success is dependent upon her establishing the proposition that the description of 200 feet was a mutual mistake, and that by the contract understood and agreed to by each party the lesser depth should have been inserted. As suggested, it seems to us that the evidence in behalf of plaintiff herself establishes either that the defendant did not understand what is now claimed to be the true dimension, or else that plaintiff knew that the description used was erroneous, but still inserted it in the contract with some sort of an understanding upon her part that the contract should not amount to anything or be binding. Neither upon this theory, nor upon the very conflicting evidence in the case viewed as a whole, does she seem to us to have established her right to the judgment which she procured.

Other questions have been presented upon this appeal, which, in view of the foregoing conclusions, we do not deem it necessary to consider or pass upon. The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event, upon the law and the facts.

McLENNAN, P. J., and SPRING and STOVER, JJ., concur.

WILLIAMS, J. (dissenting). The judgment should be affirmed, with costs.

The action was for the reformation and specific performance of a contract for the sale of real property. The contract was in writing, and described the property as No. 18 William street, in the city of Auburn, and as being a lot about 4 rods front and 200 feet deep. The lot was in fact about 176.88 feet deep, aand varied in width from 68.64 feet in front to 85.80 in the rear, and contained more land than as if the dimensions were as stated in the contract. The contract price was $10,500, of which $500 was paid upon the execution of the contract, $7,000 was to be secured by a purchase-money mortgage, and the balance to be paid in cash. The defendant refused to give the mortgage or pay the cash balance of the purchase price because the property was 14.20 feet short in depth. Objection was also made that a search showing the property free from incumbrance was not produced, and that there were in fact two unpaid mortgages upon the property. These two mortgages were, however, to be paid from the purchase money when received from defendant, and when so paid the search would show the discharge thereof. The plaintiff sought to compel defendant to carry out the contract, and incidentally to have the contract re-

formed, if necessary. The defendant sought to recover back the $500 of purchase money paid by her.

The only important question in the case relates to the depth of the lot sold. The court found that the description in the contract was a general one only, not understood to be accurate as to dimensions, and that the defendant prior to the execution of the agreement had viewed the premises, and knew where the boundaries were—they being well defined—and that the dimensions were inserted in the contract by mistake of the scrivener and the mutual mistake of the parties. If these findings of fact were supported by the evidence, the plaintiff was entitled to the relief afforded her by the judgment directed by the court. There was abundant evidence to support the finding that defendant had seen the property, and knew where the boundaries were. There was some conflict on the subject, but these facts were properly found by the court. The plaintiff lived at Buffalo, and put this property for sale in the hands of a real estate agent of Auburn—Mr. Hoyt. The property was advertised for sale in the daily papers at Auburn, and was therein stated to be 66 feet front and rear, and 165 feet in depth; and, the first time defendant went to Mr. Hoyt's office and talked about this sale, this advertisement was read to her by Mr. Cowell, who was in the employ of Mr. Hoyt. It seems it in some way got into Mr. Hoyt's register that the lot was about 66 feet front by 200 feet deep, and this description was taken from that register and put in the contract. It was said at the time that the description was not accurate, but an accurate description would be put in the deed. Mr. Hoyt denied having told defendant at various times that the lot was 200 feet deep, while she claimed he did. I think the court was justified in finding the facts as it did, and that the judgment based thereon, directed by the court, should be affirmed.